# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NAVAJO NATION, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ALEX M. AZAR II, )<br> )<br>    Defendant. )<br> ) | Civil Action No. 1:18-cv-00253-DLF |

**RESPONSE TO DEFENDANT'S NOTICE FILED ON FEBRUARY 20, 2018**

Plaintiff Navajo Nation responds as follows to Defendant's notice filed on February 20, 2018, addressing the Court's inquiry about responding to plaintiff's pending motion for preliminary injunction.

This case was filed on Friday, February 2, 2018, including both a complaint and a motion for preliminary injunction. On that day, before filing, plaintiff's counsel contacted counsel for the Department of Health and Human Services (HHS) via telephone, in conformance with Local Rule 7(m), and advised her that this suit was about to be filed, along with a motion for preliminary injunction. Plaintiff's counsel explained the nature of the suit and the motion and asked for Defendant's position on the motion. After consulting with other attorneys, HHS counsel called back to plaintiff's counsel and advised that the Defendant opposed the motion for preliminary injunction. Accordingly, plaintiff's counsel set forth the Defendant's position in the motion for preliminary injunction.

On Monday, February 5, 2018, after receiving signed and sealed summonses from the clerk, plaintiff proceeded to effect service of process via certified mail to defendant Alex Azar, the

U.S. Attorney, and the Attorney General. Although copies of the motion for preliminary injunction and the supporting memorandum and affidavit were prepared and were supposed to be included with the summons and complaint, upon investigation it now appears that they were inadvertently omitted.

Service of process was effected on defendant Alex Azar on February 8, 2018. Service was effected on the U.S. Attorney and the Attorney General on February 9, 2018.

Although the motion for preliminary injunction has not been formally served on the Government, the key issue is when the Government had <u>notice</u> of the motion. Fed.R.Civ.P. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." "The purpose of Rule 65(a)(1)'s notice requirement is to allow the opposing party a fair opportunity to oppose the preliminary injunction …." *U.S. v. Microsoft Corp.*, 147 F.3d 935, 944 (D.C. Cir. 1998). "But broad discretion is given to the district court to manage the timing and process for entry of all interlocutory injunctions—both TROs and preliminary injunctions—so long as the opposing party is given a reasonable opportunity, commensurate with the scarcity of time under the circumstances, to prepare a defense and advance reasons why the injunction should not issue." *Ciena Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000). "Because injunctions are usually time sensitive, courts determine the length of notice needed based on the urgency of the factual circumstances and the time available." *Laster v. District of Columbia*, 439 F.Supp.2d 93, 100 (D.D.C. 2006).

The Government has had notice of the motion for preliminary injunction at least since yesterday, February 20, 2018. And it is likely that HHS counsel or Department of Justice counsel had notice of the motion even earlier if they checked the Court's ECF system at any point after receiving the call from plaintiff's counsel on February 2, 2018 and/or after being served with the

complaint on February 8 and 9, 2018.

Local Civil Rule 65.1(c) does not provide the Government with an excuse to ignore motions for preliminary injunction until it is formally served with them.

As set forth in Plaintiff's Memorandum in Support of Motion for Preliminary Injunction, the Navajo Nation faces irreparable injury starting on March 1, 2018, unless injunctive relief is granted. Thus, it is imperative that the motion for preliminary injunction be heard and acted on before then.[1] The Court should direct the Government to file its opposition promptly so that the Court is in a position to rule on the motion before March 1, 2018.

Dated this 21st day of February, 2018.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____/s/_____
Steven D. Gordon (D.C. Bar No. 219287)
Philip Baker-Shenk (D.C. Bar No. 386662)
800 17th Street, N.W., Suite 1100
Washington, D.C.  20006
Tel: (202) 955-3000  Fax: (202) 955-5564

*Attorneys for Plaintiff the Navajo Nation*

---

[1] Accordingly, the Navajo Nation is not interested in establishing a briefing schedule for this matter which would allow resolution of the merits and preliminary relief at the same time.

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2018, the foregoing **RESPONSE TO DEFENDANT'S NOTICE FILED ON FEBRUARY 20, 2018** was served via the Court's ECF system, which will cause an electronic copy to be sent to all counsel of record in this case.

/s/ Steven D. Gordon
Steven D. Gordon

#55488184_v1